

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| THADDIUS A. JOHNSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, successor by merger to BUFFALO PUMPS, INC., *et al.*, <br><br> Defendants. | Civil No. 4:18cv132 |
| PATRICK A. LAUGHLIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, successor by merger to BUFFALO PUMPS, INC., *et al.*, <br><br> Defendants. | Civil No. 4:18cv134 |

## ORDER

This matter comes before the Court on a Motion to Consolidate Cases (ECF No. 105) filed by Plaintiffs Andrea and Thaddius Johnson in Civil Case No. 4:18cv132 and a Motion for Leave to File Reply Out of Time (ECF No. 115) filed by the Johnsons. Also before the Court are a Motion to Consolidate Cases (ECF No. 133) filed by Plaintiffs Patrick and Deborah Laughlin in Civil Case No. 4:18cv134 and a Motion for Leave to File Reply Out of Time (ECF No. 137) filed

1

by the Laughlins. The Motions for Leave to File are **GRANTED** and the Motions to Consolidate are also **GRANTED**.

I.   **BACKGROUND**

On August 31, 2018, the Laughlins filed a complaint in the Circuit Court for the City of Newport News against nineteen defendants alleging injury arising out of exposure to asbestos-containing products manufactured or distributed by Defendants. ECF No. 1-1, Civil Case No. 4:18cv134. On September 7, 2018, the Johnsons filed a complaint against nineteen defendants, many of which overlap with the Defendants sued by the Johnsons. ECF No. 1-1, Civil Case No. 4:18cv132. Both cases were removed to this Court.

The Johnsons allege that Thaddius Johnson was exposed to asbestos products when he worked as a pipefitter for Huntington Ingalls Incorporated, formerly known as Newport News Shipbuilding and Dry Dock Company, from 1972 to 1974 and when he worked at the Norfolk Naval Shipyard from 1974 to the late 1970s. ECF No. 43-1, Civil Case No. 4:18cv132.

The Laughlins allege that Patrick Laughlin was exposed to asbestos products when he worked as a fireman and machinist mate in the United States Navy and made ship overhauls and repairs at numerous shipyards, including the Norfolk Naval Shipyard, Norfolk Shipbuilding and Dry Dock Company, and others from 1969 to 1973. ECF No. 70, Civil Case No. 4:18cv134.

As part of their work, both Thaddius Johnson and Patrick Laughlin installed, removed, and replaced degraded asbestos gaskets and packing manufactured by Defendants or connected with equipment manufactured by Defendants. As a result, they were both allegedly exposed to asbestos dust and fibers and contracted mesothelioma, a cancer affecting the lining of the lungs.

Plaintiffs have filed Motions to Consolidate these two cases for trial and discovery. Defendants filed a joint opposition to consolidation. This matter is now ripe for decision.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 42 provides that, "[i]f actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay."

Fed. R. Civ. P. 42.

When considering a motion to consolidate, a district court is instructed to consider "'whether the specific risks of prejudice and possible confusion' from consolidation 'were overborne by the risk of inconsistent adjudications . . ., the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

When considering consolidation, courts have frequently used the following criteria: "(1) common worksite; (2) similar occupation; (3) similar time of exposure; (4) type of disease; (5) whether plaintiffs . . . [are] living or deceased; (6) status of discovery in each case; (7) whether all plaintiffs were represented by the same counsel; and (8) type of cancer alleged." *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (citing *In re All Asbestos Cases Pending in the United States District Court for the District of Maryland*, (D. Md. Dec. 16, 1983) (en banc)).

## III. ANALYSIS

### A. Motions to File Replies Out of Time

The Court has received no objections from any Defendants to Plaintiffs' requests to file replies one day out of time. ECF No. 115, Civil Case No. 4:18cv132, ECF No. 137, Civil Case No. 4:18cv134. No Defendant is prejudiced by the Court's consideration of Plaintiffs' replies, and Plaintiffs' Motions are **GRANTED**.

### B. Motion to Consolidate Cases

Plaintiffs argue that these two cases involve common questions of law and fact. Specifically, they argue that both Mr. Johnson and Mr. Laughlin were exposed to the same kinds of products while performing the same kind of work aboard Navy vessels during a similar time period. Both developed the same asbestos-related disease. Both allege that Defendants failed to warn of the dangers of exposure to their asbestos-containing products and that Defendants are liable in negligence and strict liability under general maritime law for failing to warn.

Defendants respond that the cases have more differences than similarities. Specifically, Defendants contend that Mr. Johnson and Mr. Laughlin "worked on different ships, in different compartments, at different times, for different employers, in different job categories." ECF No. 135 at 3, Civil Case No. 4:18cv134. They also argue that Defendants will each raise defenses that will vary from case to case and Defendant to Defendant.

In *In re Asbestos Litigation*, No. 92 Civ. 8841, 1998 WL 230950 (S.D.N.Y. May 8, 1998) the United States District Court for the Southern District of New York consolidated five cases involving plaintiffs who had contracted mesothelioma from asbestos-containing products. The five plaintiffs in that case were exposed to asbestos while working at various shipyards, powerhouses, construction sites, and chemical plants at different periods from the 1940s to the

1970s. *Id.* at *1. The court expressed some concern that the worksites were different but found that it would not pose a significant risk of jury confusion. *Id.* at *4.

The worksites in this case are more alike than those in *In re Asbestos Litigation*. Although Mr. Johnson and Mr. Laughlin did not work on the same ship, they are both alleged to have worked aboard similar Navy vessels. Both worked at the Norfolk Naval Shipyard and the Norfolk Shipbuilding and Dry Dock Company. As the Southern District of New York found, "the fact that individualized evidence will need to be presented fails to establish that a properly instructed jury would be unable to evaluate the working conditions and degree of exposure at the jobsites of different plaintiffs less fairly than it would were it required only to judge the multiple worksites of a single plaintiff at a single trial." *Id.*

Regarding similar occupation, Mr. Johnson was a pipefitter and Mr. Laughlin was a fireman and machinist's mate. Despite these different job titles, both repaired and maintained machinery aboard naval vessels, which involved working with gaskets and packing that allegedly contained asbestos. The Court concludes that their occupations were similar enough to counsel in favor of consolidation.

Mr. Johnson was allegedly exposed to asbestos from 1972 to the late 1970s. Mr. Laughlin was allegedly exposed from 1969 to 1973. Defendants argue that these different time periods will give rise to different state of the art evidence in the two cases, particularly because the Occupational Safety and Health Administration was founded in 1971. In *Johnson*, the Second Circuit upheld consolidation where one plaintiff was exposed from 1942 to 1945 and another plaintiff was exposed from 1946 to 1966. *Johnson*, 899 F.2d at 1286. In *In re Asbestos Litigation*, the court consolidated cases where one plaintiff was exposed from 1944 to 1950 and another was

exposed from 1958 to 1962. *In re Asbestos Litigation*, 1998 WL 230950, at *1. The time period involved in these two cases is similar enough to warrant consolidation.

Regarding the final criteria from *Johnson*, both Mr. Johnson and Mr. Laughlin allege that they contracted the exact same cancer: mesothelioma. Both are represented by the same counsel. Both are still living. Both cases are at the same stage of discovery. All of these factors support consolidation.

Analysis of these factors leads the Court to conclude that these cases share significant commonalities of fact and law. Moreover, the Court notes that Plaintiffs are alleging the same failure to warn claim in each case and that the majority of Defendants are the same in each case.

Consolidation of these cases would serve the interests of time and efficiency. Although some fact witnesses regarding product identification will be different, the expert testimony that often forms the backbone of asbestos litigation will be the same or similar in both cases. Even if counsel cooperate and depose an expert once for both cases, without consolidation each expert will have to appear to testify in two separate trials, consuming judicial time and the parties' resources. Moreover, the parties are likely to file similar pretrial motions in each case. Resolution of such motions will be easier and more efficient if contained in one case.

The Court concludes that these efficiency benefits outweigh the concerns of confusion and prejudice raised by Defendants. Defendants argue that consolidation will be prejudicial for Defendants named in both actions because the jury will be exposed to multiple claimants alleging asbestos exposure against those Defendants. Defendants further argue that consolidation will be prejudicial for Defendants named in only one action because there is a risk of juror confusion that both claimants have alleged exposure to that Defendant's product.

Defendants' first argument would preclude consolidation in any case where numerous plaintiffs allege a cause of action against a like defendant. This is not unfair prejudice as contemplated by Rule 42. With respect to Defendants' second argument, the Court is confident that proper jury instructions, bolstered by explanations from defense counsel, can reduce the risk of jury confusion and ensure the jury is able to give each claim its proper consideration. Courts have consolidated cases with a far greater number of claimants and defendants than in this case while trusting the jurors to properly evaluate the evidence presented to them. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1496 (11th Cir. 1985) (explaining that the court gave each juror a notebook, "tabbed for each plaintiff and each defendant" and gave the jurors time to take notes).

Ultimately, any concerns about confusion or unfair prejudice are substantially outweighed by the burden on parties, witnesses, and available judicial resources posed by having separate trials. Consolidation of Civil Cases No. 4:18cv132 and Civil Case No. 4:18cv132 is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Motions for Leave to File Reply Out of Time (ECF No. 115, Civil Case No. 4:18cv132; ECF No. 137, Civil Case No. 4:18cv134) are **GRANTED**. The Motions to Consolidate cases (ECF No. 105, Civil Case No. 4:18cv132; ECF No. 133, Civil Case No. 4:18cv134) are **GRANTED**.

The Clerk is requested to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

_May 8th_, 2019
Norfolk, Virginia